1  Scott Schools
   United States Attorney
2  450 Golden Gate Ave (11th Floor)
   San Francisco, CA 94102
3  Telephone: (415) 436-7200

4  Attorneys for the United States

FILED
DEC 0 4 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

5           UNITED STATES DISTRICT COURT

6           NORTHERN DISTRICT OF CALIFORNIA

7                  SAN JOSE DIVISION

8  UNITED STATES OF AMERICA,        )   CRIMINAL NO. 07-mj-70722 PVT
9          Plaintiff,                )
                                     )
10     v.                            )   NOTICE OF PROCEEDINGS ON
                                     )   OUT-OF-DISTRICT CRIMINAL
11  Alten Faletoi, JR.               )   CHARGES PURSUANT TO RULES
                                     )   5(c)(2) AND (3) OF THE FEDERAL RULES
12                                   )   OF CRIMINAL PROCEDURE
          Defendant.                 )
13                                   )
                                     )
14

15     Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal
   Procedure that on __12/4/07__, the above-named defendant was arrested based upon an
16
   arrest warrant (copy attached) issued upon an
17
       [X] Indictment   [ ] Information   [ ] Criminal Complaint   [ ] Other____
18
   pending in the __Eastern__ District of __Texas__, Case Number __07CR185__.
19
       In that case, the defendant is charged with a violation(s) of Title(s) __21__ United States Code,
20
   Section(s) __846__.
21
   Description of Charges: __Conspiracy to Distribute Methamphetamine,__
22
   __Cocaine__
23
                                           Respectfully Submitted,
24
                                           SCOTT SCHOOLS
25                                         UNITED STATES ATTORNEY

26  Date: __12/4/07__                      _____
                                           Assistant U.S. Attorney
27

28

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 13 2007
DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § CASE NO. 4:07CR185 |
| VS. | § (Judge _____) |
| | § |
| ALTEN FALETOI, JR. (3) | § |
| a/k/a "Big Al" | § **FILED UNDER SEAL** |

## INDICTMENT

The United States Grand Jury charges:

### COUNT 1

<u>Violation</u>: 21 U.S.C. §846 (Conspiracy to Distribute Methamphetamine, Cocaine, and 3,4 Methylenedioxymethamphetamine (MDMA a/k/a "Ecstasy")

That from sometime in September of 2004, the exact date unknown to the United States Grand Jury, and continuously thereafter up to and including the date of the filing of this

Indictment - Page 1

Indictment, in the Eastern District of Texas and elsewhere, **ALTEN FALETOI, JR. a/k/a "Big Al"**,

defendants herein, did knowingly and intentionally combine, conspire, and agree with each other, and with other persons known and unknown to the United States Grand Jury to knowingly and intentionally distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), more than 5 kilograms of cocaine, and 3,4 Methylenedioxymethamphetamine (MDMA a/k/a "Ecstacy") in violation of 21 United States Code §841(a)(1).

All in violation of title 21 United States Code, Section 846.

## COUNT 2

Violation: 21 U.S.C. §846 (Conspiracy to Distribute Ephedrine)

That from sometime in September of 2004, the exact date unknown to the United States Grand Jury, and continuously thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **ALTEN FALETOI, JR. a/k/a "Big Al"**

defendants herein, did

knowingly and intentionally combine, conspire, and agree with each other, and with other persons known and unknown to the United States Grand Jury to knowingly and intentionally distribute Ephedrine, a listed chemical, in violation of 21 United States Code §841(c).

All in violation of title 21 United States Code, Section 846.

### COUNT 3

Violation: 18 U.S.C. § 1956(h) (Conspiracy to commit money laundering)

That from sometime in September of 2004, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere,

, defendants herein, did knowingly, willfully and unlawfully combine, conspire, and agree together, and with each other and other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as specifically set out in the overt acts in this count, which involved the proceeds or represented to be the proceeds of a specified unlawful activity, to wit: conspiracy to possess with the intent to distribute methamphetamine, ecstasy, and cocaine with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, a violation of 18 U.S.C. Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(3)(A), and (a)(3)(B).

*Indictment - Page 3*

## MANNER AND MEANS

It was part of the conspiracy that the defendants and other persons known and unknown to the Grand Jury stored and concealed narcotics including cocaine, methamphetamine and ecstasy in various houses. The defendants generated drug proceeds from the sale of narcotics. They stored and concealed drug proceeds.            and            then caused United States currency to be transported to locations known and unknown to the Grand Jury in payment for drugs. They further utilized wire transfers to promote drug trafficking activities.

The proceeds derived from the distribution and sale of narcotics were disposed of by purchasing assets in order to conceal and disguise the nature and source of said proceeds. The defendants also utilized a business front to create the appearance of a legitimate source of funds to conceal or disguise the nature and source of said funds.

## OVERT ACTS

In furtherance of this conspiracy and to achieve the objects of it, the following overt acts, among others, were committed by one or more members of the conspiracy, in the Eastern District of Texas, and elsewhere:

1.  On or about December 18, 2004, a cooperating defendant gave $32,000.00 in U.S. currency as payment for narcotics previously "fronted" (provided on credit) to the cooperating defendant.

2.  On or about May 9, 2005, a cooperating defendant received $20,000.00 in U.S. currency for his participation in a narcotics transaction directed by which occurred on or about May 2, 2005. The $20,000.00 was part of approximately $100,000.00 in profits which was given to members of the organization.

*Indictment - Page 4*

3. On or about July 5, 2005, a cooperating defendant received an additional $3,000.00 in currency from                              for his participation in a narcotics transaction which occurred on or about May 2, 2005.

4. On or about November 25, 2005,                              , directed by                              , deposited $3,700.00 in currency into a bank account styled                              . The deposit was made at the Washington Mutual Bank in Frisco, Texas. The $3,700.00 was payment for narcotics previously fronted to                              by                              .

5. On or about April 21, 2006, a cooperating defendant paid $4,000.00 in currency for a quantity of narcotics.

6. On or about May 12, 2006, a cooperating defendant paid $4,000.00 in currency for a quantity of narcotics.

7. On or about August 1, 2006, a cooperating defendant was directed by                              to deposit $1,000.00 in currency into an account styled                              in payment for narcotics                              had previously fronted to                              .

All in violation of 18 U.S.C. Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(3)(A), and (a)(3)(B).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Pursuant to Title 21 U.S.C. § 853 and Title 18 U.S.C. § 982

As a result of committing the foregoing offenses charged in this Indictment, Defendants shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(4) and Title 21 United States Code, Section 853, all property, real or personal, Defendants herein used or intended to use to commit or facilitate the said controlled substance violation and

*Indictment - Page 5*

the below described property is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. 846 and Title 18 U.S.C. 1956(h), including but not limited to the following:

### VEHICLES:

| VEHICLE | LICENSE | VIN |
|---|---|---|
| 2000 Toyota Pick up | 22WLF5 | 4TANL42N5YZ669686 |
| 2001 Lincoln Navigator | 6CLC88 | 5LMEU27R51LJ31007 |
| 2004 Lexus GX470 | 577BGS | JTJBT20X540062506 |

### REAL PROPERTY:

, more particularly described as:

Lot One (1), Block Two (2), Deerfield Estates, Phase One, a subdivision in the city of , according to the map or plat of record in cabinet C, slide 126-A, plat records of            .

### CASH PROCEEDS -

Approximately $1,800,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

### SUBSTITUTE ASSETS -

If any of the above-described forfeitable property, as a result of any act or omission of defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

*Indictment - Page 6*

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853 to seek forfeiture of any other property of said Defendant(s) up to the value of the forfeitable property described above.

A TRUE BILL

_____
Foreman of the Grand Jury

JOHN L. RATCLIFFE
ACTING UNITED STATES ATTORNEY

_____
JOSHUA T. BURGESS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CASE NO. 4:07CR_____ |
| VS. | § § | (Judge _____) |
| ALTEN FALETOI, JR. (3) a/k/a "Big Al" | § § | **FILED UNDER SEAL** |

## NOTICE OF PENALTY
## COUNT 1

Violation:   21 U.S.C. § 846

Penalty:   If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 or more grams of methamphetamine – not less than 10 years and not more than life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least 5 years;

*Indictment - Page 8*

If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – not less than 10 years and not more than life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least 5 years;

If 3,4 methylenedioxymethamphetamine (MDMA a/k/a "ecstacy") – imprisonment of not more than twenty (20) years and/or a fine of not more than $1,000,000.00 and a term of supervised release of not more than three (3) years;

If ephedrine – imprisonment of not more than twenty (20) years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $250,000 if the defendant is an individual or $1,000,000 if the defendant is other than an individual, or both; supervised release for not more than three (3) years.

Special Assessment: $100.00

## COUNT 2

Violation: 21 U.S.C. § 846

Penalty: Imprisonment of not more than twenty (20) years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $250,000 if the defendant is an individual or $1,000,000 if the defendant is other than an individual, or both; supervised release for not more than three (3) years.

Special Assessment: $100.00

## COUNT 3

Violation: 18 U.S.C. §1956(h)

Penalty: Imprisonment of not more than 20 years; a fine of not more than $500,000.00 or twice the value of the property involved, whichever is greater, or both. A term of supervised release of not more than three (3) years. A special assessment of $100.00.

Special Assessment: $100.00

*Indictment - Page 9*

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

**EASTERN** District of **TEXAS**

UNITED STATES OF AMERICA

v.

Alten Faletoi, Jr.
aka Big Al

**WARRANT FOR ARREST**

Case Number: 4:07cr185-3 (Crone)

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   ALTEN FALETOI, JR.

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment   ☐ Information   ☐ Complaint   ☐ Order of court   ☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice

charging him or her with (brief description of offense)
Conspiracy to Distribute Methamphetamine, Cocaine, and 3,4 Methylenedioxymethamphetamine (MDMA a/k/a "Ecstasy")

Conspiracy to Distribute Ephedrine

in violation of Title  21  United States Code, Section(s)  846

DAVID J. MALAND
Name of Issuing Officer

CLERK
Title of Issuing Officer

Signature of Issuing Officer

9/13/07   Sherman
Date

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By:

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |